Serguei GOUBANOV,* Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72710.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.**

Decided Nov. 23, 2004.

David–Blake, Oceanside, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM ***

Serguei Goubanov, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence, and will reverse the BIA only where the evidence compels such a result. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

Substantial evidence supports the BIA's adverse credibility determination. The crux of Goubanov's testimony was a series of attacks, threats, and extortion which he did not mention in his 1996 asylum application and did not add to his 1999 application until the day of his merits hearing in 2000. *Wang v. INS,* 352 F.3d 1250, 1256–57 (9th

---

* Serguei Goubanov is the proper petitioner. The clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2003) (upholding adverse credibility finding where petitioner testified to "a new story" that he did not mention in asylum applications or previous testimony). The events Goubanov mentioned for the first time in 2000 are at the very heart of his asylum claim and he failed to adequately explain why he did not mention them earlier. *See Li v. Ashcroft,* 378 F.3d 959, 963 (9th Cir.2004) (upholding adverse credibility finding where IJ addressed and found insufficient the petitioner's explanation for inconsistencies).

Goubanov's reliance on the Lautenberg Amendment is misplaced. *See Halaim v. INS,* 358 F.3d 1128, 1132–34 (9th Cir.2004) (holding that Lautenberg Amendment does not apply to asylum applications processed under § 208 of the Immigration and Nationality Act).

Because Goubanov failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**